UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

ROCHELLE TARLOWE, and SETH JONAS, collectively
and individually, and on behalf of ZACHARY JONES, a
minor,

                                         Plaintiffs,

                -against-

NEW YORK CITY BOARD OF EDUCATION, d.b.a.
NEW YORK CITY DEPARTMENT OF EDUCATION,
and JOEL KLEIN, in his official capacity of Chancellor of
the New York City School Districts,

                                    Defendants.

----------------------------------------------------------------------- x

**ANSWER**

Index No. 07 CV 7936
(GEL) (JCF)

Defendants, the New York City Department of Education ("DOE") and its Chancellor, Joel Klein, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as for their Answer to the Complaint, dated September 10, 2007, respectfully allege as follows:

    1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that the State Review Officer denied plaintiffs tuition reimbursement and found that DOE had provided Zachary (the "Student") with a free and appropriate public education for the 2006-2007 school year and that the plaintiffs' unilateral placement for the Student was not appropriate, and admit that plaintiffs purport to proceed as stated therein.

    2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

    3.    Deny the allegations set forth in paragraph "3" of the Complaint, except admit that, pursuant to the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 et

seq., plaintiffs may challenge the State Review Officer's determination, and admit that plaintiffs purport to lay venue in this jurisdiction as stated therein.

4.      Admit the allegations set forth in paragraph "4" of the Complaint.

5.      Admit the allegations set forth in paragraph "5" of the Complaint.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, and respectfully refer the Court to the statutory provision cited therein for a complete and accurate statement of its contents.  Defendants also respectfully refer to the Court to *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359 (1985), *Florence County Sch. Dist. Four v. Carter*, 510 U.S. 7 (1993), and their progeny, for a complete and accurate statement of their holdings.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, and respectfully refer the Court to the case cited therein for a complete and accurate statement of its holding.

8.      Upon information and belief, admit the allegations set forth in paragraph "8" of the Complaint.

9.      Deny knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph "9" of the Complaint, except admit, upon information and belief, that the Student is a six-year old youngster.

10.      Deny the allegations set forth in paragraph "10" of the Complaint, and respectfully refer the Court to Article 52-A of the New York Education Law regarding the powers and duties of the DOE.

11.      Deny the allegations set forth in paragraph "11" of the Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Joel Klein is the Chancellor of the DOE, and respectfully refer the Court to § 2590-h of the New York Education Law regarding the powers and duties of the Chancellor.

13.     Admit the allegations set forth in paragraph "13" of the Complaint.

14.     There is no allegation made in a paragraph numbered "14" in the Complaint.

15.     There is no allegation made in a paragraph numbered "15" in the Complaint.

16.     Admit the allegations set forth in paragraph "16" of the Complaint.

17.     Admit the allegations set forth in paragraph "17" of the Complaint.

18.     Admit the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Admit the allegations set forth in paragraph "21" of the Complaint, and admit, upon information and belief, that plaintiffs are the Student's parents and that the Student is a six-year old.

22.     Deny the allegations set forth in paragraph "22" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

23.     Deny the allegations set forth in paragraph "23" of the Complaint, and, without admitting the truth of accuracy of the testimony, respectfully refer the Court to the transcript of testimony given at the Impartial Hearing ("transcript") cited therein for a complete and accurate statement of its contents.

24.     Admit the allegations set forth in paragraph "24" of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, and, without admitting the truth of accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27.     Upon information and belief, admit the allegations set forth in paragraph "27" of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint, except admit that at the Committee on Special Education held a meeting to discuss the educational needs of the Student and to develop an Individualized Education Plan for the Student and that plaintiffs attended this meeting and fully participated.

30.     Admit the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint, except admit that plaintiffs purport to proceed as stated therein.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

33.     Upon information and belief, admit the allegations set forth in paragraph "33" of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37.     Upon information and belief, admit the allegations in paragraph "37" of the Complaint.

38.     Admit the allegations set forth in paragraph "38" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of whether plaintiffs made the Student "available to the CSE" for testing, and admit that plaintiffs provided privately obtained evaluations.

42.     Deny the allegations set forth in paragraph "42" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

43.     Deny the allegations set forth in paragraph "43" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

44.     Deny the allegations set forth in paragraph "44" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their contents.

45.     Admit the allegations set forth in paragraph "45" of the Complaint.

46.     Admit the allegations set forth in paragraph "46" of the Complaint.

47.     Admit the allegations set forth in paragraph "47" of the Complaint.

48.     Admit the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint, and respectfully refer the Court to the regulation cited therein for a complete and accurate statement of its contents.

50.     Deny the allegations set forth in paragraph "50" of the Complaint, and respectfully refer the Court to the regulations cited therein for a complete and accurate statement of their contents.

51.     Admit the allegations set forth in paragraph "51" of the Complaint.

52.     Admit the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, and respectfully refer the Court to the administrative decisions and regulation cited therein for a complete and accurate statement of their contents.

54.     Admit the allegations set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint, and respectfully refer the Court to the administrative decisions cited therein for a complete and accurate statement of their contents.

56.     Deny the allegations set forth in paragraph "56" of the Complaint, except admit that there was no general education teacher present at the May 24, 2006 CSE meeting.

57.     Deny the allegations set forth in paragraph "57" of the Complaint, except admit that a general education program was not considered for the Student for the 2006-2007 school year.

58.     Deny the allegations set forth in paragraph "58" of the Complaint, and respectfully refer the Court to the transcript and the exhibit cited therein for a complete and accurate statement of their contents.

59.     Deny the allegations set forth in paragraph "59" of the Complaint, and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their contents.

60.     Deny the allegations set forth in paragraph "60" of the Complaint, and respectfully refer the Court to the administrative decision cited therein for a complete and accurate statement of its contents.

61.     Deny the allegations set forth in paragraph "61" of the Complaint, and respectfully refer the Court to the administrative decision cited therein for a complete and accurate statement of its contents.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.    Deny the allegations set forth in paragraph "63" of the Complaint, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

64.    Admit the allegations set forth in paragraph "64" of the Complaint.

65.    Deny the allegations set forth in paragraph "65" of the Complaint, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

66.    Deny the allegations set forth in paragraph "66" of the Complaint, and respectfully refer the Court to the administrative decision cited therein for a complete and accurate statement of its contents.

67.    Deny the allegations set forth in paragraph "67" of the Complaint, and respectfully refer the Court to the administrative decisions cited therein for a complete and accurate statement of their contents.

68.    Deny the allegations set forth in paragraph "68" of the Complaint.

69.    Deny the allegations set forth in paragraph "69" of the Complaint.

70.    Deny the allegations set forth in paragraph "70" of the Complaint, and respectfully refer the Court to the administrative decision cited therein for a complete and accurate statement of its contents.

71.    Deny the allegations set forth in paragraph "71" of the Complaint, and respectfully refer the Court to the administrative decisions cited therein for a complete and accurate statement of their contents.

72.    Admit the allegations set forth in paragraph "72" of the Complaint.

73.    Admit the allegations set forth in paragraph "73" of the Complaint.

74.    Deny the allegations set forth in paragraph "74" of the Complaint, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

75.    Deny the allegations set forth in paragraph "75" of the Complaint, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

76.    Upon information and belief, admit the allegations set forth in paragraph "76" of the Complaint.

77.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

78.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

79.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

81.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Complaint, and without admitting the truth or

accuracy of the testimony, respectfully refer the Court to the transcript and the exhibit cited therein for a complete and accurate statement of their contents.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Complaint, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

84.     Upon information and belief, admit the allegations set forth in paragraph "84" of the Complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript and the exhibit cited therein for a complete and accurate statement of their contents.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript and the exhibit cited therein for a complete and accurate statement of their contents.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript and the exhibits cited therein for a complete and accurate statement of their contents.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of their contents.

91.     Deny the allegations set forth in paragraph "91" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of their contents.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of their contents.

93.     Deny the allegations set forth in paragraph "93" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of their contents.

94.     Admit the allegations set forth in paragraph "94" of the Complaint.

95.    Deny the allegations set forth in paragraph "95" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of their contents.

96.    Admit the allegations set forth in paragraph "96" of the Complaint.

97.    Admit the allegations set forth in paragraph "97" of the Complaint, and affirmatively aver that Dr. Goodman considered the evaluations cited, but found them to be incomplete, inadequate, and misleading. Defendants respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

98.    Deny the allegations set forth in paragraph "98" of the Complaint, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

99.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Complaint, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

100.    Deny the allegations set forth in paragraph "100" of the Complaint, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

101.    Deny the allegations set forth in paragraph "101" of the Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Complaint, except admit, upon information and belief, that the CDC requested a one to one management paraprofessional be assigned to the Student, and respectfully refer the Court to the transcript and the exhibit cited therein for a complete and accurate statement of their contents.

103.    Deny the allegations set forth in paragraph "103" of the Complaint, except admit that the CSE did not check a box under "Behavior and the Instructional Process" in the IEP formulated for the Student on May 24, 2006, and respectfully refer to the Court to the transcript and the exhibit cited therein for a complete and accurate statement of their contents.

104.    Deny the allegations set forth in paragraph "104" of the Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Complaint, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

106.    Deny the allegations set forth in paragraph "106" of the Complaint, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

107.    Deny the allegations set forth in paragraph "107" of the Complaint, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

108.    Admit the allegations set forth in paragraph "108" of the Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Complaint, except admit that, when asked by plaintiffs' counsel, "[d]o you think it would have helped the staff at whatever placement the child was recommended to attend to understand the child more had you checked one of the boxes and filled in the present levels of support," Dr. Goodman answered in the affirmative.   Defendants respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

110.    Admit the allegations set forth in paragraph "110" of the Complaint.

111.    Deny the allegations set forth in paragraph "111" of the Complaint, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

112.    Deny the allegations set forth in paragraph "112" of the Complaint, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

113.    Deny the allegations set forth in paragraph "113" of the Complaint, and respectfully refer the Court to the transcript and the exhibit cited therein for a complete and accurate statement of their contents.

114.    Deny the allegations set forth in paragraph "114" of the Complaint, and respectfully refer the Court to the case cited therein for a complete and accurate statement of its holding.

115.    Deny the allegations set forth in paragraph "115" of the Complaint, and respectfully refer the Court to the exhibit and the administrative decision cited therein for a complete and accurate statement of their contents.

116.    Deny the allegations set forth in paragraph "116" of the Complaint, and respectfully refer the Court to the regulation cited therein for a complete and accurate statement of its contents.

117.    Deny the allegations set forth in paragraph "117" of the Complaint, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

118.    Deny the allegations set forth in paragraph "118" of the Complaint, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

119.    Deny the allegations set forth in paragraph "119" of the Complaint, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

120.    Deny the allegations set forth in paragraph "120" of the Complaint, and respectfully refer the Court to the exhibit cited therein for a complete and accurate statement of its contents.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

122.    Deny the allegations set forth in paragraph "122" of the Complaint.

123.    Deny the allegations set forth in paragraph "123" of the Complaint.

124.    Deny the allegations set forth in paragraph "124" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

125.    Upon information and belief, admit the allegations set forth in paragraph "125" of the Complaint.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Complaint, and without admitting the truth

or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

129.    Upon information and belief, admit the allegations set forth in paragraph "129" of the Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Complaint, and without admitting the truth

or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

137.    Deny the allegations set forth in paragraph "137" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Dr. Salsberg's opinions, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

138.    Admit the allegations set forth in paragraph "138" of the Complaint.

139.    Deny the allegations set forth in paragraph "139" of the Complaint, and respectfully refer the Court to the regulations cited therein for a complete and accurate statement of their contents.

140.    Admit the allegations set forth in paragraph "140" of the Complaint.

141.    Admit the allegations set forth in paragraph "141" of the Complaint.

142.    Admit the allegations set forth in paragraph "142" of the Complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Complaint, except admit that the students in various programs at P.811M travel to and from school together and attend assemblies and lunch together.

144.    Deny the allegations set forth in paragraph "144" of the Complaint, and respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

145.    Deny the allegations set forth in paragraph "145" of the Complaint, and respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

146.    Upon information and belief, admit the allegations set forth in paragraph "146" of the Complaint.

147.    Admit the allegations set forth in paragraph "147" of the Complaint.

148.    Admit the allegations set forth in paragraph "148" of the Complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Complaint, except admit that Y31 is composed of students who are verbal.

150.    Admit the allegations set forth in paragraph "150" of the Complaint.

151.    Admit the allegations set forth in paragraph "151" of the Complaint.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Complaint, except admit that the principal of P.811M, Mr. Barry Daub, determined the Student would have been placed in Y33, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

153.    Upon information and belief, admit the allegations set forth in paragraph "153" of the Complaint.

154.    Deny the allegations set forth in paragraph "154" of the Complaint, except admit that when considering certain alleged facts suggested at the impartial hearing, Ms. Nieves testified that Y33 would not be an appropriate placement for the Student.    Defendants respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

155.    Admit the allegations set forth in paragraph "155" of the Complaint.

156.    Deny the allegations set forth in paragraph "156" of the Complaint, except admit that P.811M conducts its own evaluations which inform class placement decisions, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

157.    Deny the allegations set forth in paragraph "157" of the Complaint, and respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

159.    Deny the allegations set forth in paragraph "159" of the Complaint.

160.    Upon information and belief, admit the allegations set forth in paragraph "160" of the Complaint.

161.    Upon information and belief, admit the allegations set forth in paragraph "161" of the Complaint.

162.    Upon information and belief, admit the allegations set forth in paragraph "162" of the Complaint.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

164.    Deny the allegations set forth in paragraph "164" of the Complaint, except admit, upon information and belief, that speech and language therapy are provided by the Forum School, and without admitting the truth or accuracy of the testimony, respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

166.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Complaint, except admit, upon information and belief, that the Student was placed in a class designated as having a 10:1:5 ratio for the 2006-2007 school year.    Without admitting the truth or accuracy of the testimony, defendants respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

168.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

170.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

171.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

172.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

175.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the Complaint, except admit that the Student's acceptance letter from the Forum School was dated June 13, 2006, and without admitting the

truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

176.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

177.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

178.    Upon information and belief, admit the allegations set forth in paragraph "178" of the Complaint.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

181.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the Complaint, and without admitting the truth

or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

182.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

183.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

186.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "186" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

187.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

188.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

190.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

191.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "191" of the Complaint, except admits that defendants did not produce a portion of the P.811M class profile request by plaintiffs at the impartial hearing, and affirmatively avers that the DOE representative offered to produce the documents if, after certain testimony, plaintiffs felt they were still needed and plaintiffs did not mention this again at the hearing.  Defendants respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents.

192.    Deny the allegations set forth in paragraph "192" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

193.    Deny the allegations set forth in paragraph "193" of the Complaint, and respectfully refer the Court the cases cited therein for a complete and accurate statement of their holdings.

194.    Deny the allegations set forth in paragraph "194" of the Complaint, and respectfully refer the Court the case cited therein for a complete and accurate statement of its holding.

195.    Upon information and belief, admit the allegations set forth in paragraph "195" of the Complaint.

196.    Deny the allegations set forth in paragraph "196" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding actions taken by the post office, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

197.    Admit the allegations set forth in paragraph "197" of the Complaint.

198.    Admit the allegations set forth in paragraph "198" of the Complaint.

199.    Upon information and belief, admit the allegations set forth in paragraph "199" of the Complaint.

200.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "200" of the Complaint.

201.    Deny the allegations set forth in paragraph "201" of the Complaint, except admit, upon information and belief, that plaintiffs visited P.811M on August 11, 2006.

202.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "202" of the Complaint, and without admitting the truth or accuracy of the testimony, respectfully refer the Court the transcript cited therein for a complete and accurate statement of its contents.

203.    Admit the allegations set forth in paragraph "203" of the Complaint.

204.    Admit the allegations set forth in paragraph "204" of the Complaint.

205.    Deny the allegations set forth in paragraph "205" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding actions allegedly taken by the plaintiffs.

206.    Deny the allegations set forth in paragraph "206" of the Complaint, and respectfully refer the Court to the cases and administrative decision cited therein for a complete and accurate statement of their holdings and contents.

207.    Deny the allegations set forth in paragraph "207" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiffs made the Student "available for testing and observation" and what efforts plaintiffs made, and admit that plaintiffs provided privately obtained evaluations to the CSE.

## AS AND FOR A FIRST DEFENSE:

208.    Plaintiffs have failed to meet their burden under the applicable law to demonstrate that the defendants did not offer the Student a free and appropriate public education for the 2006-2007 school year.

### AS AND FOR A SECOND DEFENSE:

209.    Plaintiffs have failed to meet their burden under the applicable law to demonstrate that the unilateral placement selected by the plaintiffs was appropriate.

### AS AND FOR A THIRD DEFENSE:

210.    The equities do not favor the plaintiffs in this matter.

### AS AND FOR A FOURTH DEFENSE:

211.    Plaintiffs fail to state a claim upon which relief can be granted.

### AS AND FOR A FIFTH DEFENSE:

212.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably, properly, lawfully and in good faith.

### AS AND FOR A SIXTH DEFENSE:

213.    Defendants did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**WHEREFORE**, defendants request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              October 29, 2007

                                    Michael A. Cardozo
                                    Corporation Counsel of the
                                     City of New York
                                    100 Church Street, Room 2-179
                                    New York, New York  10007
                                    212-788-0889


                                    By:    _____s/_____
                                           Andrew J. Rauchberg (AR 2179)
                                           Assistant Corporation Counsel




cc:    Jesse Cole Foley, Esq.
       Skyer, Castro, Foley & Gersten
       276 5th Avenue, Suite 306
       New York, New York  10001