UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

ROCHELLE TARLOWE, and SETH JONAS, collectively and individually, and on behalf of ZACHARY JONAS, a minor,

                          Plaintiffs,

        -against-

NEW YORK CITY BOARD OF EDUCATION, d.b.a. NEW YORK CITY DEPARTMENT OF EDUCATION, and JOEL KLEIN, in his official capacity as Chancellor of the New York City School Districts,

                          Defendants.

**DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

07 CV 7936 (GEL) (JCF)

------------------------------------------------------------------------ X

        Pursuant to Rule 56.1 of the Local Rules of this Court, defendants submit that the following facts are undisputed:

        1.    At the start of the 2006-2007 school year, Zachary Jonas (the "Student") was a five year old boy who had been classified as having autism. *See* Exhibit ("Exh.") B at 1.[1]

        2.    On May 24, 2006, the Committee on Special Education ("CSE") convened to formulate an individualized education program ("IEP") for the Student and to make recommendations for the 2006-2007 school year. *Id*.

        3.    The IEP formulated on May 24, 2006 recommended the Student be placed in a special class in a specialized school with a staffing ratio of 6:1:1 for a twelve-month school year. Related services, including speech and language therapy for three thirty-minute sessions

---

[1] Citations refer to the exhibits entered into evidence on October 10, 2006 and November 10, 2006 at the underlying impartial hearing, as numbered by the Impartial Hearing Officer.

per week, occupational therapy for three thirty-minutes sessions per week, and counseling for two thirty-minute sessions per week, were also recommended. *Id*. at 1, 6, 18.

4. On June 9, 2006, the CSE sent the plaintiffs a final notice of recommendation ("FNR") and recommended the Student be placed at P.811 at P.149, a District 75 school, for the 2006-2007 school year. Exh. 2 at 1.

5. On March 7, 2006, prior to the CSE meeting or the sending of the final notice of recommendation, plaintiffs contacted the Forum School ("Forum"), a private school in New Jersey, to inquire about enrolling the Student there for the 2006-2007 school year. Transcript of the Underlying Impartial Hearing, dated October 10, 2006, November 10, 2006, and December 12, 2006 ("Tr.") at 250-251, 348.

6. Plaintiffs brought the Student to Forum for an intake appointment on or about April 12, 2006. *Id*. at 346-347.

7. To enroll the Student at Forum, plaintiffs paid a 10% deposit on June 16, 2006. This was before plaintiffs claim to have received the FNR. Exh. L at 1; Exh. M at 1; Tr. at 183-184.

8. After receiving the FNR, plaintiffs wrote back to the CSE on July 31, 2006 and stated that they disagreed with the placement and informed the CSE that it would be hearing from their attorney. Exh. C at 1.

9. Plaintiffs visited P.811M on August 11, 2006. Tr. at 187.

10. Plaintiffs informed the DOE that they would be enrolling the Student at Forum and seeking reimbursement for the tuition costs by letter dated August 15, 2006. Exh. A at 1.

11. At Forum, the Student was placed in a class with nine students, one teacher, and six assistants, for an eleven-month school year. Tr. at 253, 438, 465.

12. Forum provided speech and language therapy to the Student, but only for three twenty minute sessions per week. *Id*. at 277, 455.

13. Forum could not and did not provide occupational therapy. *Id*. at 321, 455.

14. Forum provides space for the Student to receive occupational therapy from an outside provider. Under this arrangement, the Student had two thirty minute sessions per week. *Id*.

15. Forum could not and did not provide counseling to the Student. *See* Tr. at 263.

16. There is no evidence that the Student received the recommended related service of counseling during the 2006-2007 school year. *See* Exh. B. at 6, 18.

17. An impartial hearing was convened before Impartial Hearing Officer Michael K. Lloyd, Esq. (the "IHO"), on October 10, 2006, and continued on November 10, 2006, and December 12, 2006. Findings of Fact and Decision of the Impartial Hearing Officer, dated January 9, 2007, submitted to the Court by plaintiffs on December 28, 2007 ("IHO Dec.") at 2.

18. The IHO found that the DOE offered the Student an appropriate program and that plaintiffs had not met their burden of demonstrating that the Student had been denied a free and appropriate public education ("FAPE"). *Id*. at 6.

19. The IHO held that the "irregularities" alleged by plaintiffs in both the CSE meeting and the IEP were "non-consequential," that the DOE complied with the substantive

requirements of the IDEA, and DOE's recommended program was proper and would have conveyed an educational benefit to the Student. *Id*. at 5-6, 9.

20. The IHO denied plaintiffs' claim for tuition reimbursement. *See id*. at 8-9.

21. Plaintiffs appealed the IHO's decision to the State Review Officer (the "SRO"). Decision of the State Review Officer, dated May 11, 2007, submitted to the Court by plaintiffs on December 28, 2007 (the "SRO Dec.") at 1.

22. In his decision, the SRO upheld the IHO's decision and also found that the DOE had offered the Student an appropriate program for the 2006-2007 school year that was reasonably calculated to confer an educational benefit on the Student. The SRO dismissed plaintiffs' claim for tuition reimbursement. SRO Dec. at 14-15.

23. The SRO also found that plaintiffs had not demonstrated that the Forum program was appropriate to address the Student's needs. *Id*.

Dated:  February 1, 2008
        New York, New York

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                     City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 2-179
                                    New York, New York  10007
                                    212-788-0889

                            By:          /s/
                                    Andrew J. Rauchberg (AR 2179)
                                    Assistant Corporation Counsel

-5-

To:    Jesse Cole Foley, Esq.
       Law Offices of Skyer, Castro, Foley & Gersten
       Attorneys for Plaintiffs
       276 5th Avenue, Suite 306
       New York, New York 10001
       212-683-7999
       (via ECF)