UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
**ROCHELLE TARLOWE**, and **SETH JONAS,**
collectively and individually, and on behalf of **ZACHARY JONAS,** a minor,

                           Plaintiffs,

     -against-

**NEW YORK CITY BOARD OF EDUCATION,**
d.b.a. **NEW YORK CITY DEPARTMENT OF EDUCATION,** and **JOEL KLEIN,**
in his official capacity as Chancellor of the New York City School Districts

                           Defendants.
-------------------------------------------------------------------x

MEMO OF LAW
IN SUPPORT OF
PLAINTIFF'S
MOTION FOR
SUMMARY
JUDGMENT

ECF CASE
Case No. 07 Civ. 7936

Assigned Judge: GEL

Plaintiff, by their attorneys, Jesse Cole Foley, Esq., Law Offices of Skyer, Castro, Foley,

and Gersten, allege as follows

## THE DEPARTMENT OF EDUCATION FAILED TO OFFER PETITIONER A FREE AND APPROPRIATE PUBLIC EDUCATION

Respondent's contend that the CSE's failure to include a Behavior Intervention Plan ("BIP") in the IEP is a minor procedural error. (Memorandum at 8). Both New York State Regulation and the IDEA require that the CSE first conduct a Functional Behavior Analysis ("FBA") prior to developing a BIP. [1] No FBA appears in the IEP, nor

---

[1] The requirement for when the CSE shall conduct an FBA is a clearly set forth by the Commissioner's Regulations: " (i) in the case of a student whose behavior impedes his or her learning or that of others, consider strategies, including positive behavioral interventions, and supports and other strategies to address that behavior. (8 NYCRR 200.4 (d)(3)(i).

The Regulations implementing the IDEA require than an FBA be developed and a BIP included in a student's IEP in the case of a child whose behavior impedes the child's learning or that of others…" 34 C.F.R. §300.324.

has the CSE met the most basic of the statutory requirement, that the IEP adequately describe the student's current levels of functioning. The CSE's failure to include a BIP in the student's IEP renders the document incomplete of vital information and results in a denial of a FAPE.

### PETITIONER'S UNILATERAL PLACEMENT AT FORUM WAS APPROPRIATE TO MEET THE STUDENT'S INDIVIDUALIZED SPECIAL EDUCATION NEEDS

*Twelve-month special service and/or program* means a special education service and/or program provided on a year-round basis, for students determined to be eligible in accordance with sections 200.6(k)(1) and (200.15(i)(3)(v) of this Part whose disabilities require a structured learning environment of up to 12 months duration to prevent substantial regression. A special service and/or program shall operate for at least 30 school days during the months of July and August, inclusive of legal holidays, except that a program consisting solely of related services shall be provided with the frequency and duration specified in the student's individualized education program.

Respondent characterize the program at Forum as not being appropriate due to the reduction in the length of sessions between those recommended by the Department and those provided at Forum. The Department fails to acknowledge that the providers it planned to use were unfamiliar with the methodologies that needed to be used with Zachary and they would have instead moved him to an augmentative communication device, rather than working to increase his speaking abilities. (See Department's Memorandum of Law in Support of Motion for Summary Judgment at 15; Tr. at 191 – 192). This represents yet anther instance in which the Department would seek to reduce

---

"Such decisions should be made on an individual basis by the child's IEP Team." Analysis of Comments and Change to 34 C.F.R. §300.324 published in the Federal Register Vol. 71, No. 156 at 46683.

the expectation levels of parents with disabled students and is in direct contradiction to the stated purpose of the Individuals with Disabilities Education Act. [2]

"Ultimately, the issue turns on" when the unilateral placement is "reasonably calculated to enable the child to receive educational benefits" (Frank G. 459 F.3d at 364.) "A unilateral private placement is only appropriate if it provides 'education instruction specifically designed to meet the unique needs of a handicapped child'." (Gagliardo, 489 F. 3d at 115; citing Frank G., 459 F. 3d at 365.) There can be no question that, while modifications were made between the services recommended on the students IEP (which the parents ultimately disagreed with) and those provided at Forum, the program was reasonably calculated to offer an educational benefit to the student and he ultimately made progress. (See June 2007 Progress Report, attached).

Respondent's reliance on *Frank G.* is misplaced in this instance, inasmuch as the Second Circuit determined that a small class size and some degree of individualized attention rendered a parent's unilateral placement appropriate. (459 F. 3d 356). In the instant matter, the Impartial Hearing Officer found that the program recommended by the

---

[2] (4) However, the implementation of this title has been impeded by low expectations, and an insufficient focus on applying replicable research on proven methods of teaching and learning for children with disabilities.
  (5) Almost 30 years of research and experience has demonstrated that the education of children with disabilities can be made more effective by—
    (A)   having high expectations for such children and ensuring their access to the general education curriculum in the regular classroom, to the maximum extent possible, in order to--
        (i) meet developmental goals and, to the maximum extent possible, the challenging expectations that have been established for all children; and
        (ii) be prepared to lead productive and independent adult lives, to the maximum extent possible;
        20 USC 1400 (c)(3)

CSE was substantially similar to that where the Parents chose to place their child. Additionally, in *Frank G.* the Court properly examined a record of the student's progress throughout the school year, evidence that was available to the reviewing Court but unavailable to the Administrative fact finders, and determined that the report was appropriate to consider in evaluating the appropriateness of a unilateral placement. (459 F. 3d 356).

### EQUITABLE CONSIDERATIONS SUPPORT REIMBURSEMENT FOR PETITIONER'S UNILATERAL PLACEMENT

The Department of Education raises the issue of equitable considerations for the first time in it's Memorandum. This is the first time that the Department has raised this claim, as it has failed to previously assert such a claim during the underlying impartial hearing or in the appeal to the State Review Officer. As such, the Department should be equitably estopped from raising such contentions at this stage.

A parental preference for a non-public school is not dispositive of a parent's claim for tuition reimbursement. The IDEA permits for reduction or denial of tuition reimbursement when the parents fail to raise the appropriateness of an IEP in a timely fasion, fail to make their child available for evaluation by the district, or upon a finding of unreasonableness with respect to the actions taken by the parents. (20 U.S.C. §1412[a][10][C][iii].) The IDEA specifically discusses the requirement of a parent to notify the Department of it's rejection of the program offered, permitting reduction or denial of tuition reimbursement if the parents do not provide written notice ten business days before such removal. (20 U.S.C. §1412[a][10][C][iii][I].) In the instant matter,

Petitioners complied with both the letter and intention of the law, notifying the CSE of their withdrawal, their concerns with the program, and of their intention to seek reimbursement of tuition paid to the Forum School. The Department failed in this instance to exercise it's option to meet with the Parents or offer a different placement. Such failure cannot be placed on the shoulders of Petitioners.

Moreover, Respondent's reliance on *Bettinger* is misplaced. In *Bettinger*, reimbursement was denied when the Parents of a disabled child allegedly failed to cooperate with the Department in it's efforts to offer a FAPE, such that the parents actually *prevented* the Department of Education from offering a FAPE to the student. No such actions occurred here, the Department failed to offer the student a FAPE in the first instance, had the parents not secured an appropriate educational placement for their child, he would have been left with no school for the 2006 – 2007 academic year. [3]

**Wherefore**, it is respectfully requested that the New York City Department of Education be ordered to reimburse the parents for tuition paid to the Forum School for Zachary's placement there during the 2006 – 2007 academic year.

New York, NY
February 22, 2008

_____/s_____
JESSE COLE FOLEY

---

[3] To date, the Department has failed to offer Petitioners an IEP or placement for the 2007 – 2008 academic year. Such failure is evidence of the ongoing failure of the Department of offer a FAPE to the student.