UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROCHELLE TARLOWE, and SETH JONAS, collectively and individually, and on behalf of ZACHARY JONAS, a minor,

Plaintiffs,

-against-

NEW YORK CITY BOARD OF EDUCATION, d.b.a. NEW YORK CITY DEPARTMENT OF EDUCATION, and JOEL KLEIN, in his official capacity as Chancellor of the New York City School Districts,

Defendants.

------------------------------------------------------------------------ x

**DEFENDANT'S RESPONSE TO PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

07 CV 7936 (GEL) (JCF)

Pursuant to Rule 56.1 of the Local Civil Rules of this Court, defendants' response to Plaintiffs' Statement of Uncontested Facts Pursuant to Local Rule 56.1 ("Plaintiffs' Statement") is set forth below:

1. Defendants admit the facts set forth in paragraph "1" of Plaintiffs' Statement.

2. Defendants admit the facts set forth in paragraph "2" of Plaintiffs' Statement.

3. Defendants admit the facts set forth in paragraph "3" of Plaintiffs' Statement.

4. Defendants do not have sufficient information concerning the truth of the assertions set forth in paragraph "4" of Plaintiffs' Statement, but admit that two members of the Committee on Special Education ("CSE") team were from the Center for Child Development ("CDC"). Exhibit ("Exh.") B at 2.

5. Defendants do not have sufficient information concerning the truth of the assertions set forth in paragraph "5" of Plaintiffs' Statement, and respectfully aver that Dr. Christine Goodman testified only that CDC educators disagreed with the CSE's recommendations. *See* Transcript of the Underlying Impartial Hearing, dated October 10, 2006, November 10, 2006, and December 12, 2006 ("Tr.") at 57.

6. Defendants do not have sufficient information concerning the truth of the assertion set forth in paragraph "6" of Plaintiffs' Statement, except admit that the CSE recommended three thirty-minute sessions per week of speech and language therapy. Exh. B at 18.

7. Defendants admit the facts set forth in paragraph "7" of Plaintiffs' Statement.

8. In response to paragraph "8" of Plaintiffs' Statement, defendants deny the assertion as set forth therein, except admit that the CSE did not check one of the boxes on the behavior page of the Individualized Education Plan ("IEP") of Zachary Jonas (the "Student"), and respectfully avers that this was merely an oversight and the Student's behavior was taken into account in the formulation of his IEP. Tr. at 81-83, 85; Exh. B at 3, 5, 6, 8, 9, 10.

9. In response to paragraph "9" of Plaintiffs' Statement, defendants deny the assertions as set forth therein, except admit that the Impartial Hearing Officer's (the "IHO") statement plaintiffs' quote was made at the Impartial Hearing,[1] and respectfully aver that the IHO found all the alleged procedural inadequacies of the IEP to be "non-consequential." *See*

---

[1] Statements made by the Hearing Officer are unsworn and not subject to cross-examination and thus such statements are not proper evidence to be relied on in a Local Rule 56.1 Statement. *See* Fed. R. Civ. Pro 56(e); Local Civil Rule 56.1(d).

Findings of Fact and Decision of the Impartial Hearing Officer, dated January 9, 2007 (the "IHO Dec.) at 5.

10.     In response to paragraph "10" of Plaintiffs' Statement, defendants deny the assertions as set forth therein, and respectfully aver that the State Review Officer ("SRO") found that the IEP contained "appropriate, measurable goals and objectives" and that the objectives were "specific and appropriately reflective of all descriptions in the record of the child's performance." Decision of the State Review Officer, dated May 11, 2007 ("SRO Dec.) at 12-13.

11.     In response to paragraph "11" of Plaintiffs' Statement, defendants deny the assertions as set forth therein, and respectfully aver that the SRO found that the IEP contained "appropriate, measurable goals and objectives" and that the objectives were "specific and appropriately reflective of all descriptions in the record of the child's performance." SRO Dec. at 12-13.

12.     In response to paragraph "12" of Plaintiffs' Statement, defendants deny the assertions as set forth therein, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents, and also the context in which this testimony was made. Tr. at 108-111.

13.     Defendants admit the facts set forth in paragraph "13" of Plaintiffs' Statement.

14.     Defendants do not have sufficient information concerning the truth of the assertions set forth in paragraph "14" of Plaintiffs' Statement, and respectfully aver that the CSE sent the FNR to plaintiffs' last known address, which was in the same building as their new address. Tr. at 183-184.

15. Defendants do not have sufficient information concerning the truth of the assertions set forth in paragraph "15" of Plaintiffs' Statement, and respectfully refer the Court to the transcript cited therein for a complete and accurate statement of its contents, and also the context in which this testimony was made.

16. Defendants admit the facts set forth in paragraph "16" of Plaintiffs' Statement, and respectfully aver that classroom assignments at P.811M are made by school administrative staff at the start of the school year. Tr. at 524-525.

17. Defendants admit the facts set forth in paragraph "17" of Plaintiffs' Statement.

18. Defendants do not have sufficient information concerning the truth of the assertions set forth in paragraph "18" of Plaintiffs' Statement, and respectfully aver that the P.811M Assistant Principal Rosa Nievis testified only that the P.811M Principal Barry Daub provided a class profile to a DOE representative. Tr. at 539-540.

19. In response to paragraph "19" of Plaintiffs' Statement, defendants deny the assertions as set forth therein, and respectfully aver that Ms. Nieves testified that students at P.811M use TEECH methodology and PECS in the classroom, and that there may be one verbal student in the Y33 class. Tr. at 536-540.

20. Defendants do not have sufficient information concerning the truth of the assertions set forth in paragraph "20" of Plaintiffs' Statement, but admit that the Student communicates verbally. Exh. E at 4.

21. Defendants admit the facts set forth in paragraph "21" of Plaintiffs' Statement.

        22.    Defendants do not have sufficient information concerning the truth of the assertions set forth in paragraph "22" of Plaintiffs' Statement, and respectfully refer the Court to the exhibits and the transcript cited therein for a complete and accurate statement of their contents, and also the context in which this testimony was made.

        23.    In response to paragraph "23" of Plaintiffs' Statement, defendants deny the assertions as set forth therein, and respectfully refer the Court to the exhibits and the transcript cited therein for a complete and accurate statement of their contents, and also the context in which this testimony was made. *See* SRO Dec. at 14-15.

        24.    In response to paragraph "24" of Plaintiffs' Statement, defendants deny the assertions as set forth therein, except admit that plaintiffs attended all scheduled meetings, made the Student available for evaluation and observation, and provided the CSE with independent evaluations and materials. Defendants respectfully aver that plaintiffs did not cooperate with the CSE because they had determined to send the Student to Forum prior to even receiving the FNR. *See* Exh. L at 1; Exh. M at 1; Tr. at 356-348.

25. Defendants admit the facts set forth in paragraph "25" of Plaintiffs' Statement.

Dated:     January 25, 2008
           New York, New York

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                             City of New York
                            Attorney for Defendants
                            100 Church Street, Room 2-179
                            New York, New York  10007
                            212-788-0889

By:          /s/
     Andrew J. Rauchberg (AR 2179)
     Assistant Corporation Counsel

To:     Jesse Cole Foley, Esq.
        Law Offices of Skyer, Castro, Foley & Gersten
        Attorneys for Plaintiffs
        276 5th Avenue, Suite 306
        New York, New York  10001
        212-683-7999
        (via ECF)