UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROCHELLE TARLOWE, and SETH JONAS, collectively and individually, and on behalf of ZACHARY JONAS, a minor,

                                                                                                              07 CV 7936 (GEL) (JCF)

                                                     Plaintiffs,

                    -against-

NEW YORK CITY BOARD OF EDUCATION, d.b.a.
NEW YORK CITY DEPARTMENT OF EDUCATION,
and JOEL KLEIN, in his official capacity as Chancellor of
the New York City School Districts,

                                                     Defendants.

------------------------------------------------------------------------ x

## NEW YORK CITY DEPARTMENT OF EDUCATION'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

This action was brought by the plaintiffs on behalf of Zachary Jonas (the "Student"), a child with a disability, to appeal an administrative decision by the New York State Department of Education Office of State Review. In that decision, the State Review Officer ("SRO") affirmed the decision of an Impartial Hearing Officer ("IHO") and denied plaintiffs' claim seeking reimbursement for the cost of tuition at a private school, the Forum School ("Forum"), where plaintiffs had unilaterally placed the Student for the 2006-2007 school year. Defendant New York City Department of Education ("DOE") submits this reply memorandum of law in further support of its cross-motion for summary judgment.

In plaintiffs' memorandum of law in support of their motion for summary judgment dated February 22, 2008 (plaintiffs' "Second Memo"), plaintiffs belatedly argue that the fact that the DOE did not perform a "functional behavior analysis" or formulate a "behavior intervention plan" for the Student is a sufficient basis to conclude the DOE did not offer the Student a free and appropriate public education ("FAPE"). Plaintiffs also argue that the Forum program was appropriate for the Student. Finally, plaintiffs argue that equitable considerations support their claim.

As discussed more fully below, these arguments must fail. The absence of a "functional behavior analysis" and "behavior intervention plan" in the formulation of the Student's individual education plan ("IEP") for the 2006-2007 school year neither resulted in a loss of educational opportunity nor seriously infringed on plaintiffs' ability to participate in the formulation of the Student's IEP, and thus did not amount to a denial of FAPE. Plaintiffs also have not provided a sustainable and persuasive explanation for how Forum met the Student's needs, particularly his speech and language needs, and therefore have not demonstrated the appropriateness of the Forum program. Finally, the record shows that plaintiffs never seriously considered a public school placement for the 2006-2007 school year for the Student, and thus equitable considerations weigh against plaintiffs' claim.

As plaintiffs cannot meet their burden of establishing that the program offered by the DOE was inappropriate for the Student or that the Forum program they chose was suited to the Student's needs, and because equitable considerations weigh in favor of a denial of tuition reimbursement, DOE is entitled to judgment as a matter of law, and its cross-motion should be granted.

# ARGUMENT

## POINT I

### THE PROGRAM OFFERED BY THE DOE WAS APPROPRIATE DESPITE OF THE ABSENCE OF A FORMAL FUNCTIONAL BEHAVIORAL ASSESSMENT OR A BEHAVIOR INTERVENTION PLAN

In plaintiffs' Second Memo, plaintiffs make only one point regarding the DOE's defense of its proffered program. For the first time, on reply, plaintiffs' argue that the simple fact that the DOE did not perform a "functional behavior analysis" or formulate a "behavior intervention plan" when evaluating the Student and preparing his program for the 2006-2007 school year by itself constitutes a denial of FAPE. Plaintiffs' belated argument, which they chose not to make below[1] or in their original motion papers[2], oversimplifies the applicable law and does not lead to the conclusion that the DOE did not offer the Student FAPE.

Plaintiffs still have not met their burden of demonstrating that the DOE's recommended program was inappropriate. As the DOE noted in its memorandum of law in support of their cross-motion for summary judgment, dated February 1, 2008 (defendant's "Opposition Memo"), a procedural flaw in the formulation of an IEP will not automatically render a district's program inappropriate. Defendant's Opposition Memo at 5, 8. Such an error or oversight will only constitute a denial of FAPE if it results "in the loss or [sic] educational opportunity or seriously infringe[s] on a parent's participation in the creation or formulation of the IEP." *Id*. at 5 (quoting *Werner v. Clarkstown Cent. Sch. Dist.*, 363 F. Supp. 2d 656, 659 (S.D.N.Y. 2005)). The absence here of a formal "functional behavior analysis," or, more

---

[1] To the extent that plaintiffs did not raise this particular issue at the administrative level, the Court lacks jurisdiction over this claim. *See Bruschini v. Arlington Cent. Sch. Dist.*, 911 F. Supp. 104, 107-108 (S.D.N.Y. 1995).

[2] Plaintiffs are also procedurally barred from making arguments for the first time in a reply brief and the Court may deem such arguments waived. *See FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 65 (2d Cir. 2006).

properly, a "functional behavioral assessment," 8 NYCRR § 200.1(r), or a "behavior intervention plan," does not meet that standard. *See Cabouli v. Chappaqua Cent. Sch. Dist.*, 202 Fed. Appx. 519, 521 (2d Cir. 2006) (finding absence of functional behavioral assessment and behavior intervention plan did not render IEP *procedurally* inadequate) (emphasis supplied); *Perricelli v. Carmel Cent. Sch. Dist.*, 2007 U.S. Dist. LEXIS 9873, * 33-38 (S.D.N.Y. January 4, 2007) (same); *cf. T.P. v. Mamaroneck Union Free Sch. Dist.*, 2007 U.S. Dist. LEXIS 35288, * 24-25 (S.D.N.Y. May 10, 2007) (finding student was not *substantively* deprived of FAPE because district did not conduct a functional behavioral assessment or behavior intervention plan earlier) (emphasis supplied).

There is no suggestion that the absence of a formal functional behavioral assessment or a behavior intervention plan had any impact on plaintiffs' ability to participate in the formulation of the Student's IEP. It also had no impact on the Student's educational opportunities. *See* defendant's Opposition Memo at 9-10. The Committee on Special Education was aware of the Student's behavioral needs and took account of them in the IEP, which described the Student's then-current levels of functioning. *Id*. at 9, 11-13. Specifically, the IEP recommended refocusing and redirection as needed, preferential seating, adult support and visual support to maintain focus and follow classroom routines, and contained various objectives for maintaining the Student's focus. Exhibit B at 3, 5, 8, 9, 10. Further, the assistant principal of the DOE's recommended placement, P.811M, testified that the school would have been able to address these needs in implementing the Student's IEP. *Id*. at 10. Indeed, the SRO found that the Student's IEP properly accounted for his behavioral needs, and these needs would have been properly addressed at P.811M. *Id*. at 12-13. Thus, the absence of a formal functional behavioral assessment would not have had an impact on the Student's educational opportunities at P.811M.

Plaintiffs' bare contention that the absence of a functional behavioral assessment and a behavior intervention plan is fatal to the DOE's recommended program does not even address the aforementioned standard, or the ways in which the IEP accounted for the Student's behaviors, or the testimony of P.811M's assistant principal, nor do plaintiffs cite any cases which support their position. *See* plaintiffs' Second Memo at 1-2; *see also Cabouli*, 202 Fed. Appx. 519 (IEP found to be adequate despite absence of functional behavioral assessment and behavior intervention plan); *T.P.*, 2007 U.S. Dist. LEXIS 35288 (IEP found to be inadequate, but not because of absence of functional behavioral assessment and behavior intervention plan); *c.f. A.C. v. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 31417, * 11-12 (S.D.N.Y. April 26, 2007) (finding student was denied FAPE in part because no functional behavioral assessment was performed, but where student's interfering behaviors were not all accounted for in IEP). Such an assertion is a wholly inadequate basis upon which to conclude that the DOE failed to offer an appropriate program to the Student. The Court, therefore, should uphold the decision of the SRO insofar as it concurred with the IHO and found the DOE offered the Student and free and appropriate public education. *See* defendant's Opposition Memo at 7-14.

## POINT II

**PLAINTIFFS HAVE NOT ESTABLISHED THAT FORUM PROVIDED AN APPROPRIATE PROGRAM FOR THE STUDENT**

Plaintiffs next attempt to defend their chosen unilateral placement, Forum, against the defendants' argument that plaintiffs have not met their burden of establishing the appropriateness of the program. Plaintiffs' Second Memo at 2-4. Plaintiffs make only two points in this effort. First, plaintiffs defend the reduced amount of recommended related services

the Student received at Forum. Id. at 2-3. Second, plaintiffs criticize defendant's reliance on *Frank G. v. Bd. of Educ.*, 459 F.3d 356 (2d Cir. 2006). Neither of these undeveloped and cursory arguments is dispositive, and ultimately neither supports plaintiffs' contention that the Forum program was appropriate for the Student's needs.

Plaintiffs first address DOE's arguments regarding the fact that while at Forum, the Student received less speech and language therapy and less occupational therapy than was recommended on the Student's IEP, and received no counseling, though the Student was also meant receive that service. Plaintiffs' Second Memo at 2-3. Plaintiffs concede that "modifications" were made at Forum to the regimen of recommended related services for the Student. *Id.* at 3. But plaintiffs still have not explained with any level of specificity how the Forum program met the Student's needs, particularly his speech and language needs. Plaintiffs merely assert that "there can be no question" that the Forum program was reasonably calculated to offer educational benefits.[3] *Id.* As DOE noted in its previous papers, this sort of unfounded and conclusory argument is insufficient for plaintiffs to meet their burden. *See* defendant's Opposition Memo at 16.

Plaintiffs add that the Student made progress while at Forum and offer his June 2007 progress report to support that claim. Plaintiffs' Second Memo at 3. But as also noted by defendant in its previous papers, even if this report does constitute evidence of progress, such evidence alone does not demonstrate the appropriateness of a unilateral placement. *See* defendant's Opposition Memo at 16 (citing *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 115 (2d. Cir. 2007)).

---

[3] Plaintiffs also include in this section of their memorandum an opening paragraph apparently regarding "[t]welve month special services and/or program," plaintiffs' Second Memo at 2, and also refer to alleged inadequacies in the DOE's recommended program, *id.* at 2-3. It is not clear what plaintiffs intend to argue with this first paragraph, and the DOE's recommended program is not relevant to the evaluation of plaintiffs' unilateral placement.

Plaintiffs next argue that defendant has "misplaced" their "reliance" on *Frank G.*, 459 F.3d 356. Plaintiffs' Second Memo at 3. Defendant cited to *Frank G.* only once in the section of its Opposition Memo addressing the appropriateness of the Forum program, and only as support for the uncontroversial point that plaintiffs here must show that Forum provided an educational program and the necessary support services that met the student's special education needs in order to be reimbursed for the cost of the Forum tuition. Defendant's Opposition Memo at 14. Plaintiffs contend that *Frank G.* holds that "small class size and some degree of individualized attention rendered a parent's unilateral placement appropriate." Plaintiffs' Second Memo at 3. This is incorrect. The Second Circuit in *Frank G.* found that, on the particular facts of that case, a small classroom and the modifications made by the teacher at the private school placement did *not*, by themselves, render the parents' unilateral placement appropriate. *Frank G.*, 364 F.3d at 367 (emphasis supplied). Only with the addition of evidence showing marked progress made by the student there was the court able to conclude that that private school program was appropriate. *Id.* Further, evidence of progress was of particular importance in *Frank G.* because both the IHO and the SRO in the underlying administrative proceedings found it significant that the student was previously doing poorly at the unilateral placement. *Id.* These facts are easily distinguished from the facts of the present matter, where there is no dispute about class size and the Student's alleged progress at Forum was not a factor in the decisions of the SRO or the IHO. In sum, *Frank G.* was used appropriately by defendant, and offers little or no support for plaintiffs' claims.

Plaintiffs did not persuasively counter defendant's arguments that plaintiffs have not met their burden of demonstrating the appropriateness of the Forum program. *See* defendant's Opposition Memo at 14-16. Indeed, plaintiffs still have not met their burden.

- 7 -

Accordingly, should the Court reach this question, it should affirm the decision of the SRO and find that plaintiffs have not established that Forum met the Student's educational needs.

## POINT III

### EQUITABLE CONSIDERATIONS WEIGH AGAINST AN AWARD OF TUITION REIMBURSEMENT

Lastly, plaintiffs argue that equitable considerations support their claim. Plaintiffs' Second Memo at 4-5. Plaintiffs first contend that defendant did not previously argue the equities of the matter, though this is incorrect. *Id*. at 4. Plaintiffs then argue that they have fully cooperated with the DOE. Id. at 4-5. Finally, plaintiffs argue that defendant's reliance on *Bettinger v. N.Y. City Bd. of Educ.*, 2007 U.S. Dist. LEXIS 86116 (S.D.N.Y. November 20, 2007) is misplaced. *Id*. at 5. These arguments are unavailing.

First, plaintiffs are mistaken when they allege the DOE had not previously argued the equities in this case. Plaintiffs' Second Memo at 4. The DOE included an argument about equities in its Memorandum of Law in Support of its Verified Answer, dated April 11, 2007, which was submitted to the SRO.

Second, defendant does not dispute that plaintiffs notified the DOE that they were withdrawing the Student from public school, that they disagreed with the placement recommendation, and that they intended to seek reimbursement for the cost of tuition at Forum. *See* plaintiffs Second Memo at 4-5. However, this is not dispositive of the question of equitable considerations, and these steps were taken long after plaintiffs had determined to send the Student to Forum. *See* defendant's Opposition Memo at 17-18. At that point, because plaintiffs were already committed to sending the Student to private school, they were not sincerely

cooperating with the DOE, and the Court can deny tuition reimbursement for this reason alone. *Id*. at 18 (citing *Bettinger*, 2007 U.S. Dist. LEXIS 86116, at * 23-24).

Third, defendant is aware of the factual distinctions between the present matter and *Bettinger*, 2007 U.S. Dist. LEXIS 86116. Defendant cited to *Bettinger* only to support the principle that courts can deny tuition reimbursement if they conclude plaintiffs were not cooperating with a school district's efforts to place a student. Defendant's Opposition Memo at 18. Unlike the portion of *Frank G.* referenced by plaintiffs, *see* point II, *infra*, this principle was not dependent on the facts of *Bettinger*. 2007 U.S. Dist. LEXIS 86116, at * 24 (setting forth the applicable standard for equitable considerations, but not yet applying that standard to the facts of that case). Indeed, a similar conclusion has been reached previously in this district. *See Carmel Cent. Sch. Dist. v. V.P.*, 373 F. Supp. 2d 402, 418 (S.D.N.Y. 2005) (holding parents' failure to cooperate with school district's effort to find a public school placement for the child was sufficient ground to deny private school tuition reimbursement). Therefore, the principle can be applied to the present matter, record shows plaintiffs never seriously considered a public school placement. *See* defendants' Opposition Memo at 17-18. As previously noted, the IHO found as a matter of fact that plaintiffs had determined to send the Student to Forum in June of 2006. *Id*. at 18. Any actions taken by plaintiffs after they made this decision cannot be considered sincere cooperation.

Thus, equitable considerations weigh against an award of tuition reimbursement. All of the Burlington/Carter factors should be decided in the defendant's favor, and its cross-motion for summary judgment should be granted.

**CONCLUSION**

Based on the foregoing and upon all papers previously submitted, defendants respectfully requests that their cross-motion for summary judgment be granted, that plaintiffs' motion for summary judgment be denied in its entirety, and that the Court grant defendants such other and further relief as the Court deems just and proper.

Dated:   March 14, 2008
         New York, New York

         MICHAEL A. CARDOZO
         Corporation Counsel of the
          City of New York
         Attorney for Defendants
         100 Church Street, Room 2-179
         New York, New York 10007
         212-788-0889

By:    /s/
    Andrew J. Rauchberg (AR 2179)
    Assistant Corporation Counsel

To:   Jesse Cole Foley, Esq.
      Law Offices of Skyer, Castro, Foley & Gersten
      Attorneys for Plaintiffs
      276 5th Avenue, Suite 306
      New York, New York 10001
      212-683-7999
      (via ECF)